IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,
For the Use and Benefit of Chesapeake Drywall & Acoustics, Inc.,

    Use Plaintiff.

    v.                                                      Civil Action No. 4:23cv74
                                                                  JURY TRIAL DEMANDED

FEDERAL INSURANCE COMPANY,
Serve: CT Corporation System, Registered Agent
         4701 Cox Road, Suite 285, Glen Allen, VA 23060

    Defendant.

## COMPLAINT

NOW COMES Use Plaintiff, United States of America, for the use and benefit of Chesapeake Drywall & Acoustics, Inc. ("CDA"), by counsel, and states as follows for its complaint against Defendant, Federal Insurance Company ("FIC"):

## PARTIES

1.    CDA is a Virginia corporation, active and in good standing, with its principal office located at 901 Port Centre Parkway, Suite 12, Portsmouth, Virginia 23704.

2.    FIC is an Indiana corporation providing insurance and surety services that is registered and doing business in Virginia, with its principal office located at 202 Halls Mill Road, Whitehouse Station, NJ 08889.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1352, as this is an action on a bond executed under the laws of the United States. This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331, as this action related to a federal project and arises under 40 U.S.C. §§ 3131, *et. seq.*

4. This court is a proper venue under 28 U.S.C. 113(a) and 40 U.S.C. 3133(b)(3)(B) for hearing this dispute as the federal project that is the subject of this action was located at the Naval Weapons Station, Yorktown, Virginia, within this district.

BACKGROUND

5. The United States of America, through the Department of the Navy, Naval Facilities Engineering Systems Command, NAVFAC Mid-Atlantic ("Government" or "Navy"), issued a federal construction contract ("Contract") to AECOM Construction, Inc. ("AECOM") for AECOM's construction of that certain federal construction project known as P-995 BEQ, located at the Naval Weapons Station, Yorktown, Virginia ("Project").

6. AECOM subsequently subcontracted Contract Work to CDA for CDA's furnishing of labor and materials at and for the Project, which CDA furnished. CDA's labor and materials included drywall, LGF trusses, acoustical ceiling, and related labor and materials. **Exhibit 1**.

7. Pursuant to the requirements of the Contract and the Miller Act, FIC posted a payment bond ("Payment Bond") for the benefit of claimants such as CDA that furnished labor and materials for the Project. FIC has identified the Payment Bond for the Project as Bond No. 82523567-008.

COUNT I - BREACH OF THE PAYMENT BOND BY FIC

8. CDA realleges and incorporates each of the preceding Paragraphs as if set forth fully herein.

9. CDA furnished labor and materials in carrying out work provided for in the Contract, the Contract being a contract for which a payment bond was furnished under 40 U.S.C. § 3133(b).

10. CDA has not been paid in full for said labor and materials, regarding which the current unpaid principal balance earned by and due to CDA is $421,966.32, for which unpaid amount FIC is liable to CDA pursuant to the Miller Act and otherwise under the Payment Bond.

11. Under its subcontract with AECOM, CDA has contractual right to additionally recover all interest on the monies due CDA, and also to recover of its actual costs, expenses and attorney's fees; and thus additional amounts for which FIC is liable to CDA pursuant to the Miller Act and otherwise under the Payment Bond. **Exhibit 1**.

12. While not required by the Miller Act, CDA furnished FIC with notice of its claim for unpaid monies due CDA under the Payment Bond for the labor and materials CDA furnished for the Contract and Project. FIC acknowledged receipt and advised CDA that FIC has designated CDA's Payment Bond claim as Claim No. 040523000492. **Exhibit 2**.

13. While also not required by the Miller Act, at FIC's request, CDA additionally furnished FIC with FIC's requested "proof of claim" supporting information regarding CDA's Payment Bond claim. FIC acknowledged receipt of what CDA provided FIC. **Exhibit 3**.

14. Despite demand and CDA's provision of the Payment Bond claim related information, FIC has neither responded further to nor made payment of the monies due and unpaid to CDA for the labor and materials furnished by CDA for the Contract and Project.

15. FIC breached the Payment Bond in violation of the Miller Act by failing to pay CDA the aforesaid amounts owed CDA for the labor and materials furnished by CDA respecting the Contract and the Project.

16. More than 90 days, but less than one year, have expired since the date CDA last furnished labor or materials for the Project.

17. All conditions precedent, if any, to the filing and maintenance of this action, and to the recovery of the relief as sought herein by CDA, have occurred, been satisfied, been met, or been waived.

18. The amount owing to CDA by FIC for its breach of the Payment Bond is $421,966.32, plus interest, actual costs, expenses and attorneys' fees.

## COUNT II - CLAIM FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

19. CDA realleges and incorporates each of the preceding Paragraphs as if set forth fully herein.

20. Section 6.10 of the Contract provides that the "prevailing party shall be entitled to recover all of its actual costs, expenses and attorney fees in addition to any other relief granted by the trier of fact or permitted by law." **Exhibit 1**.

21. As a direct and proximate result of the conduct of AECOM and FIC, CDA has incurred and will continue to incur attorneys' fees, costs, and expenses related to this litigation.

22. To date, neither AECOM nor FIC has paid or reimbursed CDA for its attorneys' fees, costs, and expenses related the present action.

23. CDA is entitled to have its actual costs, expenses and attorney fees paid by FIC as part of FIC's obligations owed to CDA pursuant to and under the Payment Bond, and CDA seeks to recover the same in an amount to be determined at trial.

## RELIEF REQUESTED

WHEREFORE, CDA, by counsel, prays that judgment be entered in its favor against FIC, awarding CDA the principal sum of $421,966.32, pre- and post-judgment interest thereon,

CDA's actual costs, expenses and attorney's fees, the costs otherwise allowable and awarded for this action, and such other and further relief as deemed appropriate to the court and/or fact finder and as otherwise permitted by law. Plaintiff requests a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

          UNITED STATES OF AMERICA, FOR THE USE AND
          BENEFIT OF CHESAPEAKE DRYWALL &
          ACOUSTICS, INC., Use Plaintiff

By: /s/ Neil S. Lowenstein
     Neil S. Lowenstein (VSB #29845)
     E: neil.lowenstein@wrvblaw.com

By: /s/Jennifer L. Eaton
     Jennifer L. Eaton (VSB #87491)
     E: jennifer.eaton@wrvblaw.com

Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
500 World Trade Center
Norfolk, VA 23510
T: (757) 446-8600 / F: (757) 446-8670
Counsel for Use Plaintiff